# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2015

Lyle W. Cayce
Clerk

No. 14-20205
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO RAMOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:95-CR-142-57

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Roberto Ramos appeals his guilty plea conviction for conspiracy to possess with the intent to distribute more than 1000 kilograms of marijuana. Ramos argues that the district court plainly erred in accepting the guilty plea because the factual basis was insufficient to support the plea.

Because Ramos did not object to the sufficiency of the factual basis in the district court, we review for plain error. *See United States v. Palmer*, 456 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

484, 489 (5th Cir. 2006).  Ramos must show a forfeited error that is clear or obvious and affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Where "the district court's factual basis finding is subject to reasonable dispute," there is no clear or obvious error.  *United States v. Alvarado-Casas*, 715 F.3d 945, 952 (5th Cir. 2013) (internal quotation marks and citation omitted), *cert. denied*, 134 S. Ct. 950 (2014).  To show an effect on substantial rights, Ramos must show that, but for the error, there is a reasonable probability that he would not have pleaded guilty.  *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006) (factual basis context).

A district court cannot enter a judgment of conviction based upon a guilty plea unless it is satisfied that there is a factual basis for the plea.  FED. R. CRIM. P. 11(b)(3).  The district court is required "to determine that the *factual* conduct to which the defendant admits is sufficient *as a matter of law* to constitute a violation of the statute."  *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc).  The Presentence Report (PSR) may be considered in determining whether there is a sufficient factual basis to support a defendant's guilty plea.  *United States v. Trejo*, 610 F.3d 308, 313, 317 (5th Cir. 2010).

Ramos argues that this court cannot consider facts set forth in the PSR when evaluating the sufficiency of the factual basis, citing to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  His reliance on these cases is misplaced.  *See United States v. Daniels*, 723 F.3d 562, 572-73 (5th Cir. 2013).

To establish a conspiracy to distribute a controlled substance, the Government must prove beyond a reasonable doubt: "(1) the existence of an agreement between two or more persons to violate narcotics laws; (2) the

No. 14-20205

defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy." *United States v. Valdez*, 453 F.3d 252, 256-57 (5th Cir. 2006).

The factual basis to which Ramos admitted stated that Michigan was an area of distribution for a drug trafficking organization involving numerous individuals who imported, transported, and distributed marijuana. Ramos agreed that, during the conspiracy, over 1000 kilograms of marijuana were transported and distributed. In the factual basis, Ramos admitted that he was from the Michigan area and received marijuana from this organization and delivered currency from the sale to the organization. He admitted to one occasion where he agreed to purchase 300 pounds of marijuana from the organization. Additionally, the PSR also detailed how Ramos was supplied drugs from a member of the organization and then distributed them to his own set of customers in Michigan. The proceeds were returned to members of the organization from Texas. More than 1500 kilograms of marijuana were attributed to Ramos.

Because the record shows that Ramos, a large-scale distributor, obtained drugs through the organization, distributed them to his customers, and returned proceeds to the organization, Ramos fails to show that the district court plainly erred in accepting the factual basis. *See Alvarado-Casas*, 715 F.3d at 951-52.

To the extent that he contends that the district court committed Rule 11 error by failing to explain the elements of the offense, his argument fails. The record shows that the district court properly explained the elements of the offense.

The judgment of the district court is AFFIRMED.

3